```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
BRADLEY LEAK,                       )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        1:23CV439
                                    )
DAVISON COUNTY SHERIFF DEPARTMENT,  )
et al.,                             )
                                    )
            Defendants.             )
```

### MEMORANDUM OPINION, RECOMMENDATION, AND ORDER OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 6) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 1). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

### RELEVANT STANDARDS

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . .  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (internal quotation marks omitted).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.[1]

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th
(continued...)

## BACKGROUND

Asserting claims (via 42 U.S.C. § 1983) under the First, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Title VI (presumably of the Civil Rights Act of 1964) (see Docket Entry 1 at 6),[2] Plaintiff initiated this action against six defendants: (1) Davidson County Sheriff's Department, (2) Davidson Medical Department, (3) Davidson County Detention Center, (4) Nurse Madison, (5) Doctor E, and (6) Sgt. Watson (collectively, the "Defendants") (see id. at 2-3). According to Plaintiff's Complaint (and attachments thereto):

At an earlier, unspecified date, "[Plaintiff] was diagnosed [with] psychosis[]." (Id. at 19.) On April 23, 2023, during Plaintiff's detention at the Davidson County Detention Center, "Nurse Madison had Doctor E [] stop[ Plaintiff's] mental health medications[.] Officer W[atson ] had his camera on[] when Nurse Madison said that she would never give [Plaintiff his] mental

---

[1](...continued)
Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then Iqbal, 556 U.S. at 679)).

[2] Docket Entry page citations utilize the CM/ECF footer's pagination.

health [medication] ever again. [Defendants] stopped [Plaintiff's] mental health medication." (Id. at 5.)

Plaintiff has characterized this denial of medication as "a prima fac[ie] case [of] discrimination" (id. at 15), for which he seeks "summary judgment, damages, injunction, [and] punitive damages" (id. at 5).

## DISCUSSION

### I. Discrimination Claim

To begin, Plaintiff has alleged that Defendants engaged in "discrimination" which violated his rights under the Fourteenth Amendment (and presumably Title VI) (id. at 13; see also id. at 6 (invoking Title VI)), as well as "[r]etaliation [in violation] of [the] 1st Amendment" (id. at 6). However, simply using the terms "discrimination" or "retaliation," and even asserting in conclusory fashion that Defendants' conduct constituted a "prima fac[ie] case [of] discrimination" (id. at 15), does not suffice to state a viable claim. See, e.g., Iqbal 556 U.S. at 678 (observing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and that a viable complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The Complaint lacks any factual allegations establishing discrimination or retaliation or identifying the motivating bias for any alleged discrimination or retaliation. (See Docket Entry 1 at 1-27.)

4

Therefore, the Court should dismiss Plaintiff's discrimination and retaliation claim(s) for failure to state a plausible claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Claims Against Institutional Defendants

Additionally, the Complaint names Davidson County Sheriff's Department, Davidson Medical Department, and Davidson County Detention Center as the first three defendants. (Docket Entry 1 at 2-3.) However, Davidson County Sheriff's Department, Davidson Medical Department, and Davidson County Detention Center do not qualify as legal entities subject to suit and/or persons within the meaning of Section 1983.

"State law dictates whether a governmental agency has the capacity to be sued in federal court. There is no North Carolina statute authorizing suit against a county's sheriff's department." Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (internal citation omitted); see also Edwards v. Orange Cnty. Jail Sheriff's Dept., No. 1:15cv91, 2016 WL 5417399, at *2 (M.D.N.C. Aug. 19, 2016) (concluding that Orange County Jail and Orange County Sheriff's Department do not qualify as "entit[ies] capable of being sued in federal court"), recommendation adopted, 2016 WL 5415755 (M.D.N.C. Sept. 28, 2016); Capers v. Durham Cnty. Sheriff Dept., No. 1:07cv825, 2009 WL 798924, at *5 (M.D.N.C. Mar. 23, 2009) (holding that "Durham County Sheriff Department is not a legal entity capable of being sued"); Parker v. Bladen Cty., 583 F.

5

Supp. 2d 736, 740 (E.D.N.C. 2008) (dismissing Section 1983 claims against Bladen County Sheriff's Department because it "lacks legal capacity to be sued," as no North Carolina "statute authoriz[es] suit against a North Carolina county's sheriff's department"). To remedy that issue, Plaintiff could potentially name the Sheriff of Davidson County as a defendant, but any such claim would still fail to state any claim for relief. The Complaint describes no personal involvement by the Sheriff in the alleged violations and theories of respondeat superior or liability predicated solely on a defendant's identity as a supervisor do not exist under Section 1983. See Iqbal, 556 U.S. at 677.

Claims against Davidson Medical Center and Davidson County Detention Center suffer from a similar flaw. Section 1983 imposes liability only on "persons" who violate a plaintiff's federally protected civil rights, but Davidson County Detention Center — including its constituent part, the Davidson Medical Center — "is a building and not a person." Allen v. Correct Care Sols., No. 1:21cv146, 2021 WL 954624, at *2 (M.D.N.C. Mar. 4, 2021), recommendation adopted, 2021 WL 949633 (M.D.N.C. Mar. 12, 2021), aff'd, 853 F. App'x 858 (4th Cir. 2021); see also Allen v. Durham Cnty. Magistrate Off., No. 1:20cv90, 2021 WL 6755021, at *4 (M.D.N.C. Sept. 15, 2021) ("Durham County Detention Facility do[es] not qualify as [a] legal entit[y] subject to suit."), recommendation adopted, 2022 WL 286817 (M.D.N.C. Jan. 5, 2022),

6

aff'd, No. 22-1088, 2022 WL 2987941 (4th Cir. July 28, 2022). Even if Plaintiff substituted the Davidson County Sheriff, as the person responsible for Davidson County Detention Center and/or its Medical Center, the Complaint contains no factual matter showing any conduct by the Sheriff in the operation of Davidson County Detention Center or its Medical Center which violated Plaintiff's federal constitutional or statutory rights. (See Docket Entry 1 at 1-27.)

Accordingly, the Complaint fails to state a claim for relief as to these three Defendants, warranting dismissal under Section 1915(e)(2)(B)(ii).

### III. Claims Against Sgt. Watson

As to claims against Sgt. Watson, the Complaint alleges only that Sgt. Watson "had his camera on[] when Nurse Madison said that she would never give [Plaintiff his] mental health [medication] ever again." (Id. at 5.) However, "[a] successful individual capacity claim must allege that the defendant was personally involved in the deprivation of [Plaintiff]'s rights." Bunting v. Cooper, Civ. Action No. 5:17-CT-3098, 2017 WL 5639948, at *3 (E.D.N.C. May 23, 2017) (citing, inter alia, Iqbal, 556 U.S. at 676). The Complaint fails to set out any facts showing Sgt. Watson's personal involvement in the alleged violations of Plaintiff's rights. (See Docket Entry 1 at 1-27.) Thus, the Court

7

should dismiss Plaintiff's claims against Sgt. Watson for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii).

### **IV. Claims Regarding Plaintiff's Medical Care**

The Complaint also alleges Eighth and Fourteenth Amendment claims based on deliberate indifference due to the denial of medical care as to the remaining two Defendants, Nurse Madison and Doctor E. (See id. at 6; see also id. at 13 (accusing Nurse Madison of violating Plaintiff's Due Process Clause rights by denying him medication), 16 (same as to Nurse Madison and Doctor E), 22 (asserting that denial of medication by Nurse Madison and Doctor E constituted "deliberate indifference"), 26 (same).) Deliberate indifference to a serious medical need can state a claim under Section 1983. See, e.g., Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Moreover, mere disagreement with treatment received is not enough to state a claim for relief." Crump v. Yapp, et al., No. 1:22cv474, 2022 WL 21825813, at *2 (M.D.N.C. Aug. 16, 2022). The Complaint sets out no facts establishing Nurse Madison or Doctor E acted in deliberate indifference to Plaintiff's alleged medical need. (See Docket Entry 1 at 1-27.)

Further, the Complaint fails to establish that Plaintiff's mental health medication qualifies as a serious medical need. A

8

medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Iko, 535 F.2d at 241.  The Complaint apparently contends that Plaintiff needs medication due to his "diagnos[is] of psychosis[]" (Docket Entry 1 at 19), but the Complaint does not provide any factual matter showing the need for the specific medication at issue or adverse effects from its denial (see id. at 1-27).  Moreover, the Complaint alleges no facts regarding the timing or source of the alleged diagnosis.  (See id.)

Under these circumstances, the Court should dismiss these claim(s) against Nurse Madison and/or Doctor E for failure to state a claim for relief under Section 1915(e)(2)(B)(ii).

## V. Official Capacity Claims

Finally, the Complaint alleges claims against Defendants in their official capacity.  (See id. at 2-3.)  For reasons stated in the preceding sections, the Complaint fails to state any claim against Defendants.  Assuming for the purposes of discussion each Defendant qualified as a person subject to suit under § 1983, for official-capacity liability to attach, "it must be shown that the actions of [Defendants] were unconstitutional and were taken pursuant to a custom or policy of the entity." Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (observing that official capacity suits actually target employing

9

entity); see also Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997) ("[The Supreme Court] ha[s] required a plaintiff seeking to impose liability on a [local governmental body] under § 1983 to identify a [local governmental] 'policy' or 'custom' that caused the plaintiff's injury.").

The Complaint does not allege facts which (if accepted as true) would establish that any constitutional violations occurred pursuant to a custom or policy of Defendants' entities. (See Docket Entry 1 at 1-27.) As a result, the Court should dismiss all claims against Defendants in their official capacity under Section 1915(e)(2)(B)(ii).

## CONCLUSION

This action fails to state a viable claim for relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 6) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 5, 2024